UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSHUA CONKLIN,

                                Plaintiff,

                                                                               9:12-CV-01478
v.                                                                               (MAD/TWD)

M. BOWEN; T. GAVIN; J. DOOLEY; DR. RAMINENI,[1]

                                Defendants.
_____

APPEARANCES:                                                   OF COUNSEL:

JOSHUA CONKLIN, 08-A-3841
Plaintiff pro se
Collins Correctional Facility
P.O. Box 340
Collins, NY 12929


HON. ERIC T. SCHNEIDERMAN                          JAMES SEAMAN, ESQ.
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, NY 12224

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## REPORT-RECOMMENDATION and ORDER

      This pro se prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Mae A. D'Agostino, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Plaintiff

---

[1] This Defendant is listed in the complaint as Doctor Ramini. (Dkt. No. 1 at 7.) In his declaration filed in support of the pending motion for summary judgment, this Defendant spells his surname "Ramineni." (Dkt. No. 35-4.) This Court will use Defendant's preferred spelling. The Clerk is directed to correct the spelling in the docket.

Joshua Conklin claims that Defendants Bowen, Gavin, and Dooley subjected him to excessive force and that Defendant Ramineni failed to provide adequate medical care. (Dkt. No. 1.) Currently pending before the Court is Defendants' motion for summary judgment and Plaintiff's cross-motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Dkt. Nos. 35, 40.) For the reasons discussed below, I recommend that Defendants' motion be granted and Plaintiff's motion be denied as moot.

## I. FACTUAL AND PROCEDURAL SUMMARY

Plaintiff alleges that on or around August 17, 2012, he was given a ticket for smoking. (Dkt. No. 1 at 5.) When he asked to speak to the Sergeant (Defendant Bowen), he allegedly entered the room, twisted Plaintiff's arm behind his back, and told him he was going to the box. *Id*. At some point later, officers took Plaintiff to the "frisk room" and asked him to place his hands above his head. *Id*.

At this point, Plaintiff claims that he complied, and that Defendants Bowen, Gavin, and Dooley proceeded to strike him repeatedly, knock him to the floor, and continue to assault him. (Dkt. No. 1 at 5.) Defendants declare that Plaintiff had not complied, but rather "swung at Sergeant Bowen," and that Defendants used only so much force as was necessary to subdue Plaintiff. (Dkt. No. 41-9 ¶¶ 3-6; Dkt. No. 41-1 ¶¶ 6-9; Dkt. No. 41-7 ¶¶ 2-5.)

After this use of force, all parties agree that Defendants removed Plaintiff's clothing and his injuries were photographed. (Dkt. No. 41 ¶ 4.) Thereafter, Plaintiff alleges that Defendant Ramineni failed to render proper treatment. (Dkt. No. 1 at 7.) Plaintiff also alleges that "officers" threatened him with retaliation for filing a grievance, but does not name any specific officers, nor does he claim that any of the defendants did so. *Id*. Plaintiff alleges that he was

2

"told by [Defendant] Bowen after I was beaten that he was going to make sure I got 6 months in solitary confinement." *Id*.

Plaintiff first filed a grievance, designated MS-20895-12, on August 22, 2012. (Dkt. No. 35-2 at 4.) His grievance was passed directly to the Supervisor, who denied the grievance on September 13, 2012. *Id*. at 3. The appeal to the Central Office Review Committee ("CORC") was stamped received on September 26, 2012. *Id*. at 6. The next day, on September 27, 2012, this Court received Plaintiff's civil complaint and it was filed. (Dkt. No. 1 at 1.) Court records indicate that the complaint was postmarked September 16, 2012. On January 30, 2013, CORC denied Plaintiff's final appeal, ending the grievance process. (Dkt. No. 35-2 at 1.)

Plaintiff has also provided, in response to the Defendants' motion, a grievance form saying "I'm being threatened by officers telling me I'm going to get mine," dated August 24, 2012. (Dkt. No. 40-1 at 16.) This form is not marked received, and there is no indication it was ever submitted to prison officials. *Id*.

## II. APPLICABLE LEGAL STANDARDS

### A. Legal Standard Governing Motions for Summary Judgment

Under Federal Rule of Civil Procedure 56, summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the initial burden of showing, through the production of admissible evidence, that no genuine issue of material fact exists. *Salahuddin v. Goord*, 467 F.3d 263, 272-73 (2d Cir. 2006). Only after the moving party has met this burden is the nonmoving party required to produce evidence demonstrating that genuine issues of material fact exist. *Id*. at 273. The

nonmoving party must do more than "rest upon the mere allegations . . . of the [plaintiff's] pleading" or "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 & n.11 (1986). Rather, a dispute regarding a material fact is *genuine* "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material[2] fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 309 (2d Cir. 2008).

### B. Legal Standard Governing Motions to Dismiss for Failure to State a Claim

To the extent that a defendant's motion for summary judgment under Federal Rule of Civil Procedure 56 is based entirely on the allegations of the plaintiff's complaint, such a motion is functionally the same as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). As a result, "[w]here appropriate, a trial judge may dismiss for failure to state a cause of action upon motion for summary judgment." *Schwartz v. Compagnie Gen. Transatlantique*, 405 F.2d 270, 273 (2d Cir. 1968); *accord Katz v. Molic*, 128 F.R.D. 35, 37-38 (S.D.N.Y. 1989) ("This Court finds that . . . a conversion [of a Rule 56 summary judgment motion to a Rule 12(b)(6) motion to dismiss the complaint] is proper with or without notice to the parties."). Accordingly, it is appropriate to summarize the legal standard governing Federal Rule of Civil Procedure 12(b)(6) motions to dismiss.

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure

---

[2] A fact is "material" only if it would have some effect on the outcome of the suit. *Anderson*, 477 U.S. at 248.

12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal citation and punctuation omitted).

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### III. ANALYSIS

Defendants move for summary judgment on the following grounds: (1) Plaintiff failed to

5

exhaust administrative remedies before filing this action; (2) Plaintiff's medical deliberate indifference claim has no merit; and (3) Defendant Ramineni is entitled to qualified immunity. (Dkt. No. 35-6 at 1.[3]) This Court reaches only the exhaustion issue, because it is dispositive. Plaintiff argues for summary judgment in his favor. (Dkt. No. 40.) For the reasons discussed below, I recommend that Defendants' motion for summary judgment be granted and Plaintiff's motion be denied.

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). In order to properly exhaust administrative remedies under the PLRA, inmates are required to complete the administrative review process in accordance with the rules applicable to the particular institution to which they are confined. *Jones v. Bock*, 549 U.S. 199, 218 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). In New York state prisons, the Department of Corrections and Community Supervision ("DOCCS") has a well-established three-step inmate grievance program. N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5 (2013).

Generally, the DOCCS Inmate Grievance Program ("IGP") involves the following procedure for the filing of grievances. First, an inmate must file a complaint with the facility's

---

[3] Page numbers in citations to Defendants' memorandum of law refer to the page numbers in the original document rather than to the page numbers assigned by the Court's electronic filing system.

IGP clerk within twenty-one calendar days of the alleged occurrence. *Id.* at § 701.5(a) (2010). A representative of the facility's inmate grievance resolution committee ("IGRC") has sixteen calendar days from receipt of the grievance to informally resolve the issue. *Id.* at 701.5(b)(1). If there is no such informal resolution, then the full IGRC conducts a hearing within sixteen calendar days of receipt of the grievance (*Id*. at § 701.5(b)(2)), and issues a written decision within two working days of the conclusion of the hearing. *Id.* at § 701.5(b)(3).

Second, a grievant may appeal the IGRC decision to the facility's superintendent within seven calendar days of receipt of the IGRC's written decision. *Id*. at 701.5(c)(1). If the grievance involves an institutional issue (as opposed to a DOCCS-wide policy issue), the superintendent must issue a written decision within twenty calendar days of receipt of the grievant's appeal. *Id*. at § 701.5(c)(3)(ii). Grievances regarding DOCCS-wide policy issues are forwarded directly to CORC for a decision under the process applicable to the third step. *Id.* at 701.5(c)(3)(I).

Third, a grievant may appeal to CORC within seven working days of receipt of the superintendent's written decision. *Id*. at 701.5(d)(1)(I). CORC is to render a written decision within thirty calendar days of receipt of the appeal. *Id*. at 701.5(d)(3)(ii). If a prisoner has failed to properly follow each of the applicable steps prior to commencing litigation, he has failed to exhaust.

Receiving a decision from CORC *after* filing a federal lawsuit does not satisfy the PLRA's requirement that administrative remedies be exhausted *before* filing suit, and any such action must be dismissed without prejudice. *Neal v. Goord*, 1267 F.3d 116, 122-23 (2d Cir. 2001), overruled on other grounds by *Porter v. Nussle*, 534 U.S. 516 (2002).

Here, CORC did not issue a decision on Plaintiff's appeal until months after Plaintiff filed this action. (Dkt. No. 35-2 at 1.) Plaintiff had not exhausted before filing a claim in federal court. Plaintiff does not raise any evidence that contradicts this finding.

Plaintiff's failure to exhaust, however, does not end the review. The Second Circuit has held that a three-part inquiry is appropriate where a prisoner has failed to exhaust his available administrative remedies. *Hemphill v. New York*, 380 F.3d 680, 686, 691 (2d Cir. 2004.[4])

First, "the court must ask whether [the] administrative remedies [not pursued by the prisoner] were in fact 'available' to the prisoner." *Hemphill*, 380 F.3d at 686 (citation omitted). Second, if those remedies were available:

> the court should . . . inquire as to whether [some or all of] the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it . . . or whether the defendants' own actions inhibiting the [prisoner's] exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense.

*Id.* (citations omitted). Third, if the remedies were available and some of the defendants did not forfeit, and were not estopped from raising, the non-exhaustion defense, "the court should consider whether 'special circumstances' have been plausibly alleged that justify the prisoner's failure to comply with the administrative procedural requirements." *Id*. (citations and internal quotations omitted).

As to the first question, New York's IGP is "recognized as an 'available' remedy for purposes of the PLRA." *Taylor v. Chalom*, No. 9:10–CV–1494 (NAM/DEP), 2011 U.S. Dist.

---

[4] The Second Circuit has not yet decided whether the *Hemphill* rule has survived the Supreme Court's decision in *Woodford*, 548 U.S. 81. *Amador v. Andrews*, 655 F.3d 89, 102 (2d Cir. 2011.)

LEXIS 150512, at *12, 2011 WL 6942891, at *4 (N.D.N.Y Dec. 13, 2011).[5] The grievance system was also clearly available to the Plaintiff in particular, as he has utilized the grievance procedure at least two other times. (Dkt. No. 35-3.) Plaintiff was also in the process of utilizing this remedy at the time he filed the complaint — the issue was on appeal to the CORC, and a remedy from its ruling was still available. (Dkt No. 35-2 at 1.)

Second, Defendants are not estopped from asserting this defense. Defendants preserved the exhaustion defense by pleading it in their answer. (Dkt. No. 23 ¶ 16; *Jones*, 549 U.S. at 216; *Alster v. Goord*, 745 F. Supp. 2d 317, 332 (S.D.N.Y. 2010).) A prison official's refusal to accept or forward a prisoner's grievance is conduct that hinders a plaintiff's ability to pursue administrative remedies and would give rise to estoppel. *Sandlin v. Poole*, 575 F. Supp. 2d 484, 488 (W.D.N.Y. 2008). Plaintiff provides no facts indicating that Defendants interfered in any way with the grievance process. While Plaintiff does claim that he was threatened, he has declined to lay that accusation on any of the Defendants, despite having the opportunity to do so. (Dkt. No. 40 at 4.) Estoppel would only be appropriate against these Defendants if they had committed the threats, which still would have needed to deter Plaintiff. *See Hemphill*, 380 F.3d at 689.

Third, while Plaintiff has alleged "threats," Plaintiff has not shown enough evidence for his vague accusations to raise a triable issue of fact as to any "special circumstance." The standard for determining whether such circumstances justify failure to follow DOCCS procedure exist is the same as is applicable in a retaliation claim, namely "whether 'a similarly situated

---

[5] The Court will provide Plaintiff with a copy of this unpublished decision in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

9

individual of ordinary firmness' . . . would have been deterred from following regular procedures." *Hemphill*, 380 F.3d at 390 (citing *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003)). To defeat this motion for summary judgment, Plaintiff must provide enough evidence that a reasonable trier of fact could find that a similarly situated individual of ordinary firmness would have pursued the grievance process at the first and second levels of review and appealed the grievance to CORC, but failed to give CORC time to respond before filing a federal lawsuit. *Anderson*, 477 U.S. at 248.

The record contains only four references to threats against Plaintiff. First, Plaintiff alleges in his complaint that he was "threatened by officers," but he does not indicate which officers threatened him, or when the threats occurred. (Dkt. No. 1 at 7.) Second, Plaintiff alleges in the complaint that Sergeant Bowen told Plaintiff after the use of force that Plaintiff would receive six months in solitary confinement. *Id*. Third, in response to this motion for summary judgment, Plaintiff produced a grievance form dated August 24, 2012, stating that he was "being threatened by officers" telling him that he was "going to get [his]." (Dkt. No. 40-1 at 16.) That document does not provide any details about who made the threats or when they were made. Fourth, Plaintiff notes in his opposition to Defendants' motion that he was continually threatened with more bodily harm, but he does not say by whom or give any details about when the threats allegedly occurred. (Dkt. No. 40 at 4.)

Bearing in mind that a dispute regarding a material fact is *genuine* "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," (*Anderson*, 477 U.S. at 248), and that all ambiguities and inferences must be drawn in Plaintiff's favor, as the non-moving party, the evidence is insufficient to raise a triable issue of fact as to a "special

10

circumstance" justifying failure to exhaust. The *Hemphill* exception for "special circumstances" requires that a plaintiff "have the opportunity to develop facts that would demonstrate that [threats of retaliation] would deter a reasonable inmate from pursuing grievances." *Hemphill*, 380 F.3d at 690 (quoting *Davis*, 320 F.3d at 354.) Despite having such an opportunity, Plaintiff has not given any other details indicating that the threats he references would deter a reasonable inmate from pursuing grievances. In order to defeat the exhaustion defense on "special circumstances" grounds, such circumstances must be "plausibly alleged." *Hemphill,* 380 F.3d at 686. With only the vague allegations in the record, no reasonable trier of fact could find that the alleged threats would deter a prisoner of reasonable firmness from receiving a response from CORC before filing this lawsuit, and therefore there are no "special circumstances" here.

Therefore, I recommend that Defendants' motion for summary judgment be granted, and Plaintiff's complaint be dismissed without prejudice. Because CORC has since rendered a disposition, Plaintiff's remedies are now exhausted, and he may immediately re-file if he so chooses. *Neal v. Goord*, 267 F.3d 116, 123 (2d. Cir. 2001).

Because I recommend that the Court dismiss this action on exhaustion grounds, I further recommend that the Court deny Plaintiff's motion for summary judgment (Dkt. No. 40) as moot.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion for summary judgment (Dkt. No. 35) be **<u>GRANTED</u>**; and it is further

**RECOMMENDED** that Plaintiff's cross-motion for summary judgment (Dkt. No. 40) be **<u>DENIED</u>**; and it is further

**ORDERED** that the Clerk provide Plaintiff with a copy of *Taylor v. Chalom*, No.

9:10–CV–1494 (NAM/DEP), 2011 U.S. Dist. LEXIS 150512, 2011 WL 6942891 (N.D.N.Y Dec. 13, 2011); and it is further

**ORDERED** that the Clerk amend the docket to reflect the correct spelling of Defendant Ramineni's surname.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989) (per curiam)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: July 11, 2014
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge