**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JOSHUA CONKLIN,**

                             **Plaintiff,**

    vs.                                                    **9:12-cv-01478**
                                                                 **(MAD/TWD)**

**M. BOWEN, Sgt., Mid-State Correctional Facility;
T. GAVIN, Correctional Officer, Mid-State
Correctional Facility; J. DOOLEY, Correctional
Officer, Mid-State Correctional Facility; DR.
RAMINENI,**

                             **Defendants.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**JOSHUA CONKLIN**
08-A-3841
Collins Correctional Facility
P. O. Box 340
Collins, New York 14034
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**          **JAMES SEAMAN, AAG**
**STATE ATTORNEY GENERAL**
The Capital
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

*Pro se* plaintiff, Joshua Conklin, (" Conklin"), an inmate currently in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brought this civil rights action pursuant to 42 U.S.C. § 1983 alleging the following: (1) Defendants Bowen, Gavin, and Dooley violated Plaintiff's Eighth Amendment rights when they used excessive force; and (2) Defendant Ramineni violated Plaintiff's Eighth Amendment rights by exhibiting deliberate indifference to Plaintiff's medical needs. *See* Dkt. No. 1 Plaintiff's claims

arose on or about August 17, 2012, while he was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") as an inmate in the Mid-State Correctional Facility ("Mid-State C.F.").

In a July 11, 2014 Report-Recommendation and Order, Magistrate Judge Dancks recommend that Defendants' motion for summary judgment be granted and that Plaintiff's cross-motion for summary judgment be denied. *See* Dkt. No. 43. Specifically, Magistrate Judge Dancks found that Plaintiff failed to exhaust his administrative remedies and that he provided no adequate justification for his failure to do so. *See id.* Neither party objected to the Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of

further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c) (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2502, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (qquoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment. *See id.* at 295 (citing *Showers v. Eastmond*, 00 CIV. 3725, 2001 WL 527484, *1 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence" is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

The Prison Litigation Reform Act ("PLRA") states that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement applies to all suits brought by inmates regarding aspects of prison life. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

New York State has a three-step administrative review process. First, a grievance is submitted to the Inmate Grievance Resolution Committee ("IGRC") which reviews and investigates the formal complaint before issuing a written determination. *See* N.Y. COMP. CODES R. & REGS. tit. 7, § 701.5(b). Second, if the IGRC decision is appealed, the superintendent of the facility issues a decision after reviewing the IGRC's determination. *See id.* at § 701.5(c). Third,

if the superintendent's decision is appealed, the final administrative decision is made by the Central Office Review Committee ("CORC"). *See id.* at § 701.5(d). If all three of these levels of review are exhausted, then the prisoner may seek relief in federal court pursuant to § 1983. *See Bridgeforth v. Bartlett*, 686 F. Supp. 2d 238, 239 (W.D.N.Y. 2010) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)); *Singh v. Goord*, 520 F. Supp. 2d 487, 495-96 (S.D.N.Y. 2007) (quoting *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004)).

In the current case, Defendants claim that Plaintiff failed to satisfy the exhaustion requirements for all claims contained in his complaint. CORC did not issue a decision on Plaintiff's appeal until months after Plaintiff filed this action. *See* Dkt. No. 35-2 at 1. Plaintiff had not exhausted before filing a claim in federal court. Plaintiff does not raise any evidence that contradicts this finding. The filing of such a grievance would not meet exhaustion requirements as it came after the filing of this action on September 25, 2012 and was untimely pursuant to the state regulations. The grievance system was also clearly available to Plaintiff, as he has utilized the grievance procedure at least two other times. Dkt. No. 35-3. Plaintiff was also in the process of utilizing this remedy at the time he filed the complaint; the issue was on appeal to the CORC, and a remedy from its ruling was still available. *See* Dkt. No. 35-2 at 1. Plaintiff's claims are insufficient to defeat the computer print outs generated by the grievance program. As such, the Court finds that Magistrate Judge Dancks correctly determined that Plaintiff failed to exhaust his administrative remedies.

Moreover, Plaintiff has failed to meet any of the *Hemphill* factors. In his complaint, Plaintiff conceded that administrative remedies were available to him. The CORC computer print outs show that Plaintiff has filed and appealed a plethora of grievances in the past at Mid-State. Further, Plaintiff does not provide any facts even suggesting that a similarly situated individual of ordinary firmness would have thought that the administrative remedies were unavailable. *See*

5

*Hemphill*, 380 F.3d at 688. Defendants preserved the exhaustion defense in their answer to Plaintiff's complaint. *See* Dkt. No. 23 at ¶ 16. *McGee v. West,* No. 10-CV-0238, 2012 WL 716273, *3 (N.D.N.Y. Jan. 4, 2012). Plaintiff does not allege, and the record does not reflect that Defendants had acted to inhibit Plaintiff's attempt to exhaust his administrative remedies.

Plaintiff has not alleged any special circumstances justifying his failure to comply with the administrative procedural requirements. In Plaintiff's complaint, he indicated that he did not file a grievance related to the allegations contained in the complaint because he has "a constitutional right under *Nussle v. Willete* [sic] which requires no grievance exhaustion upon assault or retaliation." The Second Circuit held in *Nussle* that "exhaustion of administrative remedies is not required for claims of assault or excessive force brought under § 1983." *Nussle v. Willette,* 224 F.3d 95, 106 (2d Cir. 2000). In 2002, the Supreme Court overturned *Nussle* and held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrongs." *Porter v. Nussle,* 534 U.S. 516, 532 (2002). Despite Plaintiff's mistaken understanding of the law, the CORC computer print outs show that Plaintiff had previously appealed grievances concerning alleged retaliatory and similar conduct prior to commencement of this action, thereby demonstrating that Plaintiff generally knew that he was required to exhaust his administrative remedies prior to filing suit. Plaintiff's reliance on *Nussle v. Willette*, does not provide justification for his failure to exhaust. *See Snyder v. Goord*, No. 9:05-cv-1284, 2007 WL 957530, *8 n.10 (N.D.N.Y. Mar. 29, 2007) (declining to excuse the plaintiff's failure to exhaust when the plaintiff relied on pre-*Porter v. Nussle*, 534 U.S. 516 (2002) case law). *Porter* was decided almost ten (10) years before the conduct at issue in this case occurred. Finally, although Plaintiff indicated in his deposition that he believed that his complaint warranted "immediate constitutional intervention," he did not express any special circumstances that would justify his

failure to exhaust. *Hemphill*, 380 F.3d at 686 (citation omitted).

Based on the foregoing, the Court finds that Magistrate Judge Dancks correctly determined that Defendants' motion for summary judgment should be granted on this ground and that Plaintiff's complaint should be dismissed for his failure to exhaust.

In a letter received on August 8, 2014, Plaintiff informs the Court that since Magistrate Judge Dancks' Report-Recommendation and Order, the CORC has since rendered a disposition on his grievance. *See* Dkt. No. 44 at 1. Plaintiff ask the Court for an extension of time to refile his complaint since he has now exhausted his administrative remedies. *See id.* (citing *Neal v. Goord*, 267 F.3d 116, 123 (2d Cir. 2001). The case to which Plaintiff cites, *Neal v. Goord*, 267 F.3d 116 (2d Cir. 2001), *abrogated in part on other grounds by Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed.2d 12 (2002), does not support his position. Rather, *Neal* directs that if a prisoner files suit in federal court before exhausting administrative remedies, the federal court must dismiss the complaint – suspending or continuing the action until administrative remedies are exhausted cannot "save the case from dismissal." *Id.* at 121-22; *see also Baez v. Kahanowicz*, 469 F. Supp. 2d 171, 179 (S.D.N.Y. 2007) ("It is insufficient to take only limited steps towards exhaustion before commencing the suit, or even to exhaust a claim entirely during the pendency of the case") (citation omitted). Since Plaintiff failed to exhaust his administrative remedies prior to commencing suit, his subsequent exhaustion does not save this case from dismissal.[1]

After carefully considering Magistrate Judge Dancks' July 11, 2014 Report-Recommendation and Order, and the applicable law, and for the reasons stated herein, the Court hereby

---

[1] Although this action must be dismissed, the dismissal is without prejudice. Since CORC has since rendered a disposition, Plaintiff's remedies are now exhausted and he may immediately refile if he so chooses. *Neal*, 267 F.3d at 123.

7

**ORDERS** that Magistrate Judge Dancks' July 11, 2014 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 35) is **GRANTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's cross-motion for summary judgment (Dkt. No. 40) is **DENIED**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED without prejudice**; and the Court further

**ORDERS** that Plaintiff's letter motion requesting an extension of time to refile his complaint is **DENIED as moot;** and the Court further

**ORDERS** that the Clerk of the Court shall send Plaintiff a blank IFP Application, as well as a blank copy of the Inmate Civil Rights Complaint available on the Court's public website; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: August 13, 2014
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge